# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SCOTTSDALE INSURANCE COMPANY and
SCOTTSDALE INDEMNITY COMPANY,

      Plaintiffs,

v.                              Case No. _____

APTAMIGO, INC. and CHRISTINE MEI,

      Defendants.

## COMPLAINT

For its Complaint against Defendants AptAmigo, Inc. ("AptAmigo") and Christine Mei (collectively, "Defendants"), Scottsdale Insurance Company and Scottsdale Indemnity Company (collectively, "Scottsdale") alleges as follows:

## NATURE OF THE CASE

1. This is an insurance coverage dispute arising out of two insurance policies (the "Policies") issued by Scottsdale to AptAmigo. Subject to their terms, conditions, exclusions, and endorsements, the Policies provide coverage for certain claims first made against AptAmigo or other insureds during the Policies' respective "Policy Periods." The first policy (the "21-22 Policy") had a Policy Period of August 19, 2021 to August 19, 2022. The second policy (the "22-23 Policy") had a Policy Period of August 19, 2022 to August 19, 2023.

2. As a threshold requirement to coverage, the Policies require (i) a claim made against an insured during the Policy's Policy Period, and (ii) written notice of such a claim to Scottsdale no later than sixty days after the end of the Policy Period.

3. On January 18, 2022, AptAmigo—an apartment broker—sued its alleged former contractor and/or employee, Defendant Mei, for fraud, breach of contract, and libel arising out of

her statements to AptAmigo's customers. The lawsuit is captioned *AptAmigo, Inc. v. Mei*, No. 20221101402, Cir. Court of Cook County, Illinois (the "Underlying Lawsuit"). Defendant Mei asserted a counterclaim on March 22, 2022 for alleged wrongdoing related to her purported employment, including that she was wrongfully terminated in retaliation for complaining about AptAmigo's unlawful conduct (the "Counterclaim").

4. On November 11, 2022, AptAmigo reported the Counterclaim to Scottsdale for coverage under the Policies.

5. Scottsdale denied coverage for the Counterclaim under the Policies because: (1) the Counterclaim was not timely reported for coverage under the 21-22 Policy, and (2) the Counterclaim was not first made during the 22-23 Policy.

6. AptAmigo has disputed Scottsdale's denial of coverage for the Counterclaim, and Defendant Mei maintains an interest in this action as the underlying claimant.

7. By this lawsuit, Scottsdale seeks a declaration that the Policies do not afford coverage to AptAmigo for the Counterclaim.

## PARTIES

8. Scottsdale Insurance Company is an Ohio corporation with its principal place of business in Scottsdale, Arizona.

9. Scottsdale Indemnity Company is an Ohio corporation with its principal place of business in Scottsdale, Arizona.

10. Defendant AptAmigo is a Delaware corporation with its principal place of business in Chicago, Illinois.

11. Defendant Mei is an individual residing in Chicago, Illinois.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. 1332(a) because there is complete diversity of citizenship between Scottsdale and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

*The Policy*

14. Scottsdale issued the Policies to AptAmigo.

15. The 21-22 Policy—Policy No. EKS3393620—has a Policy Period of August 19, 2021 to August 19, 2022. A true and accurate copy of the 21-22 Policy is attached hereto as Exhibit 1.

16. The 22-23 Policy— Policy No. EKI3442484—has a Policy Period of August 19, 2022 to August 19, 2023. A true and accurate copy of the 22-23 Policy is attached hereto as Exhibit 2.

17. The Policies are "claims-made-and-reported policies" that include a single coverage section which is labeled as the "Employment Practices Coverage Section" ("EPL Coverage Section").

18. For purposes of this matter, the relevant insuring clause of the EPL Coverage Section is the Employee Insuring Clause. The Employee Insuring Clause is the same in both Policies, and provides as follows:

> [T]he **Insurer** shall pay the **Loss** of the **Insureds** which the **Insureds** have become legally obligated to pay by reason of an **Employment Practices Claim** first made against the **Insureds** during the **Policy Period** or, if elected, the **Extended Period**,

3

and reported to the **Insurer** pursuant to Section E.1 herein, for an **Employment Practices Wrongful Act** taking place prior to the end of the **Policy Period**.

(Policies, § A.1.) (bold original).

19. The Policies define "Claim" to include "Employment Practices Claims."

20. The notification provision of the 21-22 Policy states, in relevant part:

The **Insureds** shall, as a condition precedent to their rights to payment under this Coverage Section only, give **Insurer** written notice of any **Claim** as soon as practicable, <u>but in no event later than sixty (60) days after the end of the **Policy Period**</u>. If any **Claim** is first made against the **Insureds** during the **Extended Period**, if purchased, written notice to **Insurer** must be given as soon as practicable, but in no event later than sixty (60) days after the end of the **Extended Period**."

(21-22 Policy, § E.1, as amended by End. No. 5) (Emphasis added).

21. AptAmigo did not purchase the Extended Period for the 21-22 Policy.

*The Underlying Lawsuit*

22. AptAmigo filed the Underlying Lawsuit on January 18, 2022.

23. By the complaint in the Underlying Lawsuit, AptAmigo alleges that Defendant Mei was a contractor for AptAmigo until her termination on December 16, 2021. Defendant Mei was allegedly terminated for making fraudulent and untrue statements to customers of AptAmigo. Defendant Mei also allegedly published false statements regarding AptAmigo on social media.

24. In the Underlying Lawsuit, AptAmigo brought causes of action against Defendant Mei for (i) fraud, (ii) breach of contract, and (iii) libel.

25. On March 22, 2022, Defendant Mei filed the Counterclaim against AptAmigo.

26. By the Counterclaim, Defendant Mei alleges that she was an employee of AptAmigo and, during her employment, she was asked to post false and deceptive advertisements for apartments. She further alleges that she voiced concerns over the advertisements and refused to participate in their posting. As a result, she alleges, she was wrongfully terminated.

4

27. By the Counterclaim, Defendant Mei asserts causes of action for (i) violation of the Illinois Whistleblower Act, (ii) retaliatory discharge, (iii) violations of the Illinois Wage Payment and Collection Act, and (iv) breach of contract.

28. AptAmigo moved to the dismiss the Counterclaim on June 13, 2022, which was denied on August 3, 2022.

*The Coverage Dispute*

29. The deadline for reporting Claims under the 21-22 Policy—i.e., sixty days after the end of the Policy Period—was October 19, 2022.

30. AptAmigo submitted the Counterclaim for coverage under the Policies on November 11, 2022.

31. By letter dated November 17, 2022, Scottsdale denied coverage for the Counterclaim for the reasons stated in this Complaint. A true and accurate copy of the Scottsdale's November 17, 2022 letter is attached hereto as Exhibit 3.

32. AptAmigo has disputed Scottsdale's coverage position.

COUNT I: DECLARATORY JUDGMENT AS TO 21-22 POLICY

33. Scottsdale repeats and realleges the allegations contained in paragraphs 1-32 as if fully set forth herein.

34. AptAmigo seeks coverage under the 21-22 Policy's EPL Coverage Section's Employee Insuring Clause for the Counterclaim.

35. The 21-22 Policy requires that any Claim be reported to Scottsdale no later than sixty days after the end of its Policy Period.

36. The 21-22 Policy's Policy Period ended on August 19, 2022, meaning the reporting deadline for Claims under the 21-22 Policy Period was October 19, 2022.

37. AptAmigo did not report the Counterclaim to Scottsdale until November 11, 2022.

38. AptAmigo did not provide timely notice of the Counterclaim, which precludes coverage under the 21-22 Policy.

39. An actual, present, and justiciable controversy exists concerning whether the Counterclaim was timely reported to Scottsdale under the 21-22 Policy.

40. Defendant Mei maintains an interest in the controversy between Scottsdale and AptAmigo as the underlying claimant.

41. The entry of a declaratory judgment with respect to whether the Counterclaim was timely reported to Scottsdale under the 21-22 Policy is necessary and would be effective to resolve the controversy between the parties.

42. Accordingly, Scottsdale respectfully requests that the Court enter judgment declaring that no coverage is available under the 21-22 Policy because the Counterclaim was not timely reported to Scottsdale.

## COUNT II: DECLARATORY JUDGMENT AS TO 22-23 POLICY

43. Scottsdale repeats and realleges the allegations contained in paragraphs 1-42 as if fully set forth herein.

44. AptAmigo seeks coverage under the 22-23 Policy's EPL Coverage Section's Employee Insuring Clause for the Counterclaim.

45. The Employee Insuring Clause only affords coverage for "an **Employment Practices Claim** first made against the **Insureds** during the **Policy Period**[.]" (22-23 Policy, § A.1.) (bold original).

46. The 22-23 Policy's Policy Period is August 19, 2022 to August 19, 2023.

47. The Counterclaim was filed on March 22, 2022.

48. Thus, the Counterclaim was first made prior to the 22-23 Policy's Policy Period

6

and does not fall within the scope of the Employee Insuring Clause.

49. An actual, present, and justiciable controversy exists concerning whether the Counterclaim was first made during the 22-23 Policy's Policy Period.

50. Defendant Mei maintains an interest in the controversy between Scottsdale and AptAmigo as the underlying claimant.

51. The entry of a declaratory judgment with respect to whether the Counterclaim was first made during the 22-23 Policy's Policy Period is necessary and would be effective to resolve the controversy between the parties.

52. Accordingly, Scottsdale respectfully requests that the Court declare the Counterclaim was not first made during the 22-23 Policy's Policy Period and, therefore, no coverage is available under the 22-23 Policy for the same.

\*      \*      \*

53. The filing of this Complaint is not intended to and does not constitute a waiver of any of Scottsdale's rights, remedies, and defenses under the Policies or at law. Additional conditions, limitations, and exclusions of the Policies may exclude or limit coverage for the Counterclaim.

**PRAYER FOR RELIEF**

WHEREFORE, Scottsdale respectfully requests that the Court enter an Order:

1. Declaring that the Counterclaim is not covered by the 21-22 Policy because it was not timely reported to Scottsdale;

2. Declaring that the Counterclaim is not covered by the 22-23 Policy because it was not first made during the 22-23 Policy's Policy Period;

    3.    Awarding Scottsdale all other relief as the Court may deem just and proper.

Dated: November 28, 2022

                                                                           Respectfully submitted,

                                                                           SCOTTSDALE INSURANCE COMPANY, and SCOTTSDALE INDEMNITY COMPANY,

                                                                           By: */s/ Stephen J. Schlegel*
                                                                           One of Plaintiffs' Attorneys

Stephen J. Schlegel, Ltd. (Stephen J. Schlegel)
PECK RITCHEY, LLC (Daniel J. Lynch)
321 S. Plymouth Ct., 6th Fl.
Chicago, IL 60604
(312) 201-0900
ARDC Nos. 2486903 & 6331421
sjschlegel@schlegelltd.com
dlynch@peckritchey.com


James M. Young
Bailey Cavalieri
10 West Broad Street, Suite 2100
Columbus, OH 43215
*jyoung@baileycav.com*
(pro hac vice application forthcoming)

8